**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case. No. 26-24184-CIV-TORRES

FELIX T. SIMPKINS,

*Plaintiff*,

v.

TRACY STARASOLER; LLORENS M. SANCHEZ; STATE OF FLORIDA; BENJAMIN B. BROWN; JOSEPH T. KOHN; QUARLES & BRADY LLP; ROBERT, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PPLC; CAN GUNER; THE FLORIDA BAR,

*Defendants*.
_______________________________/

## ***ORDER DISMISSING COMPLAINT***

This matter is before the Court upon sua sponte review of the record, and in part on a motion to dismiss filed by Defendant Robertson, Anschutz, Schneid, Crane & Partners PLLC ("RAS") on August 24, 2026 [D.E. 14]. That motion was filed while an earlier motion to dismiss was pending [D.E. 12] but Plaintiff then unilaterally filed a Third Amended Complaint. No response was filed to the latest motion to dismiss, and thus Defendant is entitled to relief by default under Rule 7.1. But in addition, we have reviewed the merits of the motion as well as the record as a whole. Based on that review, the motion is due to be Granted by default and on the merits. Additionally, now that Plaintiff has filed three separate shotgun pleadings, having

been placed on notice that he must comply with Fed.R.Civ.P. 8 by filing plausible and intelligible claims against each defendant, the Court finds that the case as a whole should now be Dismissed.

### A. ***Background***

On June 15, 2026, Plaintiff filed a pro se action against multiple defendants that alleged a conclusory list of claims against multiple defendants, including the State of Florida, the Florida Bar, and a state court judge. [D.E. 1]. The Court entered its standing Order of Instructions to Pro Se Litigants that advised Plaintiff of his obligations to comply with the Court's Rules, as well as directions for Plaintiff to file a notice consenting to, or opting out of, magistrate judge jurisdiction over the case. Plaintiff failed to comply with that Order, and we thus deem him as impliedly consenting to our jurisdiction.

Plaintiff then unilaterally filed a second amended complaint [D.E. 6] on June 24, 2026, that again sued multiple individuals in conclusory fashion, arising from an apparent wrongful foreclosure of his property, for which he sought section 1983 relief and a host of state law remedies against the named defendants. Only Defendant RAS, however, was served with that second amended complaint. [D.E. 8].

Defendant RAS filed a motion to dismiss on July 17, 2026 [D.E. 12] that argued that the complaint was a shotgun pleading, did not comply with Rule 8, did not set forth any plausible allegations of fact to support any claim, and grouped all defendants together. RAS sought dismissal of that second amended complaint.

Before the Court ruled on that motion, however, Plaintiff filed, again unilaterally, the third amended complaint docketed on August 18, 2026. [D.E. 13]. In

response, RAS filed another motion to dismiss that reiterated the same arguments as to the improper nature of the filing and the continued conclusory claims grouped against multiple defendants.

Despite the passage of many months, however, Plaintiff has not responded to the motion to dismiss. The matter is thus ripe for disposition.

***B. Analysis***

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8 (alteration added). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *LaCroix v. W. Dist. of Ky.,* 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.,* 550 U.S. at 570).

A claim is frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (frivolous when plaintiff has "little or no chance of success"). Legal frivolousness covers claims based on an indisputably meritless legal theory, including claims of infringement of a legal interest that clearly do not exist. *Neitzke,* 490 U.S. at 327.

"Complaints that violate [ ] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). "[A] typical shotgun complaint contains

several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002) (alteration added). A second type of shotgun pleading is one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland,* 792 F.3d at 1322 (collecting cases). Another type of shotgun pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323 (collecting cases).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Ibid.* (citation omitted). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha,* No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (alteration added; citing *Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991)).

Even under the relaxed pleading standard afforded pro se litigants, *see Abele v. Tolbert,* 130 F. App'x 342, 343 (11th Cir. 2005) (citation omitted), this now third amended complaint continues to be a shotgun pleading on several levels and is therefore deficient under Rule 8. It no doubt alleges a state-wide "conspiracy" among the defendants to deprive Plaintiff of his property through an unlawful foreclosure,

forged documents, and a lack of jurisdiction, thereby violating the Fifth and Fourteenth Amendments. That broader theme is clear.

Plaintiff, however, fails to back that conspiracy theory up with factual allegations, tied to each defendant, that could possibly support any of the claims alleged in the body of the complaint. Specifically, Plaintiff seeks remedies for deprivation of rights under 42 U.S.C. § 1983, conspiracy to commit fraud, forgery, wrongful foreclosure, breach of contract, and obstruction of justice. Yet, Plaintiff does not allege who did what in connection with the alleged conspiracy. He just groups all Defendants together and demands money damages against all of them collectively. He does allege that his claims arise from the wrongful requirement that his property be registered in the county's official records, but then claims that this was part of a broader plan to illegally assess mortgage and tax liens against that property with false pretenses. Defendants are thus all collectively "parties to a RICO-style scheme whereby Government actors profit from unauthorized use of private property as collateral for public debt and Federal subsidies." [D.E. 13 at 3].

Putting aside the Eleventh Amendment problems involved in the State's process of defining property rights and how it tracks and records them, these allegations on their face cannot amount to plausible claims without specific factual allegations that tie each of these Defendants to that governmental decision. Plaintiff cannot simply attack the State's regulation of property rights and leave it at that. So even if the Court could somehow decipher a plausible claim against any particular entity or individual, these allegations fall very short of the standard necessary to state a § 1983 claim under any of these circumstances.

And the same holds true for the state law claims cited in the third amended complaint. No facts are set forth as to what the contract was that he alludes to, nor the factual representations he relied upon to give rise to a fraud claim, least of all a RICO claim.

Therefore, the claims against Defendant are subject to being Dismissed, together with the claims alleged against all named Defendants. And as Plaintiff has not responded to these issues after having been placed on notice of the deficiencies by the Court's Order of Instructions and the multiple motions to dismiss, the Court finds no good cause to sua sponte grant further amendments. The case will thus be Dismissed without prejudice as to all Defendants but RAS.

ORDERED AND ADJUDGED that Defendant RAS's Motion to Dismiss [D.E. 12] is GRANTED. The claims in the Third Amended Complaint against RAS are DISMISSED WITH PREJUDICE. The claims against all other named Defendants in the Complaint are DISMISSED without prejudice.

DONE AND ORDERED in Miami, Florida, this 10th day of November, 2026.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge